UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JOHN DOE 171,

 Plaintiff,

v.

ORDER OF SAINT BENEDICT d/b/a SAINT JOHN'S ABBEY and FATHER RAYMOND FRANCISCO SCHULTE,

 Defendants.

Civil No. 11-1406 (JAF)

## **OPINION AND ORDER**

Plaintiff alleges that Father Raymond Francisco Schulte sexually abused and molested him as a child, and brings this diversity suit for violations of Commonwealth law, particularly Puerto Rico's general tort statute, 31 L.P.R.A. § 5141 (2009) ("Article 1802"). (Docket No. 1.) Codefendants both move separately for dismissal; Father Raymond Francisco Schulte ("Father Francisco") moves for dismissal under Federal Rule of Civil Procedure 12(b)(6) (Docket No. 21), and the Order of Saint Benedict d/b/a Saint John's Abbey ("the Order") moves for dismissal under Federal Rule of Civil Procedure 12(b)(2), (Docket No. 23). Plaintiff opposes (Docket Nos. 22; 39), and Defendants respond. (Docket Nos. 41; 46.)

**I.**

**Allegations**

We derive the following allegations from the complaint and the documents properly incorporated within it. (Docket No. 1.) Plaintiff, an adult male resident of Puerto Rico, attended San Antonio Abad boarding school as a child, owned and operated by the Order, in

Civil No. 11-1406 (JAF)                                                                                                   -2-

Humacao, Puerto Rico. (Id. at 2.) Father Francisco became a monk in 1974, and was ordained as a priest within the Order in 1979. (Id. at 5.) Plaintiff alleges that in 1978, when he was fourteen years old, Father Francisco engaged in "unpermitted, harmful and offensive sexual contact" with him at the boarding school. (Id. at 3.) Plaintiff alleges that Father Francisco abused at least three students at the school while serving as "priest, teacher and principal" at the boarding school until his transfer to a different school in Minnesota in 1981. The complaint goes on to allege an extensive laundry list of incidents when Father Francisco sexually abused and assaulted other boys across the Americas (Id. at 5–7), as well as detailed descriptions of colleagues and coworkers within the Order who either engaged in sexual abuse of boys or else had information about Father Francisco's inappropriate and predatory behavior, but did nothing to stop him. (Id. at 7–19.)

Plaintiff alleges that he "did not have knowledge of the injuries relating to the sexual abuse . . . until June 2010," after an investigator interviewed him in May 2010 regarding another potential victim of Father Francisco. (Id. at 4.)  This investigation led to the execution of Plaintiff's affidavit of May 7, 2010, detailing the sexual abuse he suffered at the hands of Father Francisco; Plaintiff filed this affidavit as documentation in support of the habeas corpus petition of Reinaldo J. Rivera, another alleged victim of Father Francisco's predatory sexual abuse at the boarding school. (Docket No. 41-1.)

In this affidavit, Plaintiff describes how Father Francisco molested him and another pupil in his office and how Plaintiff's expulsion from the boarding school led to banishment from his childhood home and a life of poverty, homelessness, and crime. (Id. at 3–5.) Plaintiff explained that he eventually sought professional help for his addiction – "rehab . . . . helped for a while,

Civil No. 11-1406 (JAF) -3-

but I was so angry about what happened to me as a child that I was constantly getting in fights and using drugs to ease my pain . . . . Father Francisco left me with many emotional and mental scars . . . ." (Id. at 6–7.) Plaintiff stated in the affidavit that he had since made an effort to take control of his life, "reading every book I could about addiction and sexual abuse" and was celebrating twelve years of sobriety. (Id. at 6.) He also stated that he found an alumni website and "hooked up with some old classmates from San Antonio Abad. The online conversations immediately discussed" the sexual abuse at the school. (Id. at 4.) Plaintiff additionally averred that if he had been asked to testify at Rivera's trial in 2004, he would have done so. (Id. at 7.) According to his complaint, executing the affidavit caused Plaintiff "to think about the sexual abuse" and how it injured him, and to realize that Father Francisco had abused other boys. (Docket No. 1 at 4.) Plaintiff alleges he "has suffered and will continue to suffer" pain, emotional distress, and psychological injuries. (Id.) Plaintiff filed the present suit on May 2, 2011.

## II.

### Standard for Motion to Dismiss Under 12(b)(6)

A defendant may move to dismiss an action, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing such a motion, we "accept[] all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [plaintiff]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993).

"[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

Civil No. 11-1406 (JAF)                                                                                                      -4-

In considering a complaint's adequacy, we disregard "statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. (internal quotation marks omitted). We then take as true what remains, "[n]onconclusory factual allegations . . . even if seemingly incredible." Id. On the basis of those properly pled facts, we assess the "reasonableness of the inference of liability that the plaintiff is asking the court to draw." Id. at 13.

### III.

### Analysis

Father Francisco argues that this action is time-barred under the relevant Commonwealth statute of limitations.[1] (Docket No. 21.) We agree. Despite the numerous appalling allegations, we dismiss all claims for the reasons stated below.

Puerto Rico's Civil Code requires tort claims under Article 1801 to be brought within one year of accrual. 31 L.P.R.A. § 5298(2) (2009). For a claim to accrue, "the injured person must have both notice of her injury and knowledge of the likely identity of the tortfeasor . . . . Notice of an injury occurs when there exist some outward or physical signs through which the aggrieved party may become aware and realize that she has suffered an injurious aftereffect." Espada v. Lugo, 312 F.3d 1, 3 (1st Cir. 2002) (internal quotation marks and citations omitted). Under this "discovery rule," however, a plaintiff who remains unaware of the injury or author "due to his own negligence or carelessness, then the prescriptive period will begin to run from the date the alleged tort occurred" because courts presume that a plaintiff knows of the injury

---

[1] Because we ground our decision on the statute of limitations, we do not reach the Order's personal jurisdiction arguments under Rule 12(b)(2). (Docket No. 23.) Nor do we reach any arguments regarding the diversity amount in controversy requirement. (Docket No. 22 at 7.)

Civil No. 11-1406 (JAF) -5-

at the time of the tort—and the plaintiff bears "the burden of proving that he learned of the act at a later date." Quintana Lopez v. Liggett Grp., 336 F. Supp. 2d 153, 157 (D.P.R. 2004) (citing Rivera-Encarnacion v. Estado Libre Asociado de P.R., 13 P.R. Offic. Trans. 383, 385 (1982)).

Plaintiff argues that sexually abused children can "experience a delayed discovery of the connection between the sexual abuse and the harm suffered." (Docket No. 22 at 4.) He argues that his devout Catholic upbringing and Father Francisco's position of authority and power render it "understandable that Plaintiff would never suspect that [Father Francisco] would ever injure him." (Id. at 6.) Plaintiff argues that in June 2010 he learned that Father Francisco had abused other children and that the Order employed him despite knowledge of the abuse, and at that time realized his injury. (Id.) However, Plaintiff, in his complaint and the incorporated affidavit, never states that he was unaware of the conduct and of the identity of his abuser. On the contrary, the affidavit declares that: Prior to 2007, Plaintiff read several books on addiction and sexual abuse; "Father Francisco left [him] with many emotional and mental scars" and "nearly ruined" his life; and Plaintiff "was not the only one [to suffer.] There were many rumors of sexual abuse at San Antonio Abad" boarding school. (Docket No. 41-1 at 7.)

Unfortunately, under Commonwealth law, "due diligence does not mean waiting for answers to fall from the sky, but rather requires reasonable, active efforts to seek answers and clarify doubts." Quintana Lopez, 336 F. Supp. 2d 153 at 157 (citing Estate of Ayala v. Phillip Morris, Inc., 263 F. Supp. 2d 311, 317 (D.P.R. 2003)). Plaintiff has not alleged any specific facts to explain his lack of knowledge despite his autodidactic exploration of literature on abuse and addiction, nor has he "alleged specific facts that may show that 'diligent efforts' were conducted before the statute of limitations elapsed." Id. at 158. "In the case of minors or

Civil No. 11-1406 (JAF) -6-

disabled persons, the statute of limitations is tolled while their minority of age or disability lasts." Cintron-Rivera v. Borders Grp., 555 F. Supp. 2d 273, 276 (D.P.R. 2006) (citing Cintron v. Puerto Rico, 127 P.R.D. 582, 589 (1990)). But Plaintiff reached the age of majority nearly thirty years ago, and the statements in his affidavit and complaint show that even if he did not realize the full extent of his injuries until June 2010, his knowledge of the events and of their consequences proved such that he did not satisfy the "diligence standard necessary to toll the statute of limitations."[2] Quintana Lopez, 336 F. Supp. 2d at 157 (internal quotation marks and citations omitted). Based on the complaint and affidavit, at the very least, Plaintiff had the requisite knowledge by the time of his 2007 release from prison, and has not met his burden of showing that he lacked the requisite knowledge until May or June 2010. See Torres v. E.I. Dupont de Nemours & Co., 219 F.3d 13, 22 (1st Cir. 2000) (holding plaintiffs had necessary information about whom to sue or that with required diligence they should have known who to sue by the end of the limitations period). We commend Plaintiff for his quest for sobriety and escape from his childhood circumstances, and we hope that at the least, this suit will prompt the Order to investigate any similar allegations to ensure the safety of any young people in its care.

---

[2] Courts in other circuits facing similar claims barred by statutes of limitations with a discovery rule similar to Puerto Rico's have reached similar results. See Burkholz v. Joyce, No. 98-4171, 2000 U.S. App. LEXIS 6900 at *5 (10th Cir. April 17, 2000) (finding childhood abuse claims time-barred under Utah law when plaintiff sued "at least fourteen months after he regained cognizance of the events underlying this suit and nearly ten years after the abuse ended"); M.H.D. v. Westminster Schs., 172 F.3d 797, 805 (11th Cir. 1999) (holding claims time-barred under Georgia law because appellant understood "well over two years before she filed suit, that Ferguson's abusive conduct had injured her"); Roe v. Doe, 28 F.3d 404, 408 (4th Cir. 1994) (holding childhood abuse claims time-barred under South Carolina law).

Civil No. 11-1406 (JAF) -7-

However, we must dismiss all claims as time-barred.[3] Given the sheer number of years since the abuse and the lack of extenuating circumstances alleged, we are surprised that Plaintiff's attorneys would agree to file suit for such unobtainable relief.

Because we dismiss all claims based on statute of limitations grounds under Federal Rule of Civil Procedure 12(b)(6), we do not reach the Order's personal jurisdiction arguments under Rule 12(b)(2) (Docket No. 23). Although the Order has not fully "raised the statute of limitations defense, the Court is empowered to consider the issue sua sponte," and Plaintiff had adequate notice as he filed a memorandum of opposition in response to said defense, raised by codefendant Father Francisco. McGuigan v. Conte, 629 F. Supp. 2d 76, 84 (D. Mass. 2009) (citing Cardona Del Toro v. United States, 1993 U.S. App. LEXIS 554, at *3–*4 (1st Cir. Jan. 19, 1993), aff'd 983 F.2d 1046 (1st Cir. 1993)). Finally, the Motion to Strike (Docket No. 43), attacking Plaintiff's exhibits filed in opposition to the Order's motion to dismiss, is rendered moot.

---

[3] The complaint also includes two counts forgotten in the later pleadings: A count of "fraud" and of "fraud (negligent misrepresentation)," in which Plaintiff "alleges that the misrepresentations and omissions by the defendants constitute ["fraud."] Suits based on misrepresentation and nondisclosure are premised on negligence" and, thus, barred by the Commonwealth's one-year limitations period for tort actions. Ocaso, S.A., Compania de Seguros Reaseguros v. PR Mar. Shipping Auth., 915 F. Supp. 1244, 1261-1262 (D.P.R. 1996) (citing Prosser and Keeton on the Law of Torts § 33 at 205-207 and § 106 at 736-737 (5th ed. 1984)). Even if the claims – that the Order misrepresented and obscured the danger of sexual abuse to pupils at the boarding school – fell under a different statute of limitations, the misrepresentations would have been discovered by Plaintiff after the abuse and, thus, the cause of action would have accrued twenty-seven years ago, when he reached the age of majority.

Civil No. 11-1406 (JAF)     -8-

## IV.

## Conclusion

Given the foregoing, we hereby **GRANT** Defendants' motions to dismiss (Docket Nos. 21; 23), and we dismiss the complaint in its entirety.  Defendants' motion to strike is rendered **MOOT**.  (Docket No. 43.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 20th day of April, 2012.

                                               s/José Antonio Fusté
                                               JOSE ANTONIO FUSTE
                                               U.S. District Judge